The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Craig H.D. Yarman presiding. Counsel. We'll call case 4-21-0468, People of the State of Illinois v. Phillip Grigalanz. Counsel for the appellant, could you please state your name for the record? Yes, Your Honor. Good morning. Simone Patras. Thank you. Counsel for Appellee, could you please state your name for the record? Timothy Londrigan. Ms. Patras, you may begin. May it please the Court. Good morning, Your Honors. My name is Simone Patras, and I represent the appellant, Phillip Grigalanz, in this matter. Your Honor, just at the outset, it's undisputed that when Mr. Grigalanz pleaded guilty back in 2017, that he was not correctly admonished of the MSR he was required to serve. He was in fact required to serve three years to life of MSR and was only admonished that he was required to serve three years. And subsequently, counsel never filed the required rule 604D certificate, and this court then therefore remanded for further post-plea proceedings without actually reaching the merit of Mr. Grigalanz's remaining arguments. Specifically, this court granted Mr. Grigalanz an opportunity to file a new post-plea motion and have a new hearing. On appeal, then, new appointed counsel did file an amended motion to withdraw the plea, which properly included the erroneous MSR admonishment in the motion. And in the response, the state faulted Mr. Grigalanz for not including this error as a basis upon which to withdraw in this pro se motion, and now maintains that the trial court was correct, and then finding that Mr. Grigalanz therefore forfeited this issue. Your Honors, this was incorrect. Counsel here failed to protect Mr. Grigalanz's due process rights when he failed to file an amended motion to withdraw the plea, including this error at the outset. And there was a viable basis to do so, and counsel should have known that. And it is well established that the very purpose of Rule 604D is to ensure that the trial court is given an opportunity to correct any of those errors and that they're properly asserted and presented by counsel. And that's the purpose of the certificate, which enables the trial court to ensure that counsel has actually reviewed the record and considered all relevant basis for the motion to withdraw the plea. And again, here, the record affirmatively reflects that counsel did not do what he was supposed to do, and therefore it's improper to blame Mr. Grigalanz, a pro se petitioner, with no legal knowledge that he should have known to include this improper admonishment as a basis of which to withdraw his plea. To that end, the state argues here that this court's order on remand was not clear, but never actually explains in what respect. And on the contrary, Your Honors, this court's order was very clear. It granted Mr. Grigalanz an opportunity to file a new post plea motion, and he has therefore done so. The court's improper admonishments failed to substantially comply with Rule 402. Mr. Grigalanz was not fully aware of the correct MSR he was required to serve, and he alleged that he would not have pleaded guilty if he was aware that he would potentially have to serve a lifetime of MSR. So on this basis, Your Honors, if there are no further questions, we ask that this court reverse and remand for an opportunity for Mr. Grigalanz to withdraw his plea. All right, I see no questions. Thank you, Counsel. Mr. Londrigan. Well, Your Honors, I think the state's position is fully made out in the brief, so I actually have no oral argument to add at this time. If the court has any questions, I'm happy to answer them, but otherwise we waive argument. I see no questions, so Ms. Patras. Your Honor, we have no rebuttal argument. We just ask that this court reverse and remand for an opportunity to withdraw Mr. Grigalanz's plea at this point. All right. Thank you, Counsel. We'll take this matter under advisement. The court stands in recess.